Filed 9/2/22  P. v. O'Neal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094140 |
| v. | (Super. Ct. No. 18FE015275) |
| SEAN MATTHEW O'NEAL, | |
| Defendant and Appellant. | |

A jury convicted defendant Sean Matthew O'Neal of assault with a deadly weapon and found true an enhancement allegation that he inflicted great bodily injury. Representing himself, defendant admitted enhancement allegations that he had a prior serious felony conviction and a prior strike conviction, but asked the trial court to dismiss the prior strike, and in a supporting declaration, asked the trial court to dismiss the prior serious felony conviction. Although the trial court did not impose additional prison time for the prior serious felony enhancement, it declined to dismiss the prior strike conviction. The trial court sentenced defendant to an aggregate prison term of nine years, consisting of the following:  the middle term of three years for the assault, doubled to six years for the prior strike conviction, plus three years for the great bodily injury enhancement.

1

Defendant now contends the trial court abused its discretion in denying his request to dismiss the prior strike conviction. Finding no abuse of discretion, we will affirm the judgment.

BACKGROUND

As J.W. was walking to his car after work, defendant approached in his wheelchair and looked like he might run into J.W. J.W. attempted to avoid defendant, but defendant veered toward J.W. and then stood up and spat in J.W.'s face at least two times. J.W. responded by throwing an empty travel mug at defendant. Defendant again tried to spit on J.W.

When it looked like defendant was going to leave, J.W. continued walking toward his car, but defendant came up behind him and slashed J.W.'s left arm near the elbow. The resulting wound was approximately 30 centimeters long and 10 to 12 centimeters deep and spurted blood. People in the area attempted to slow the bleeding and responding paramedics applied tourniquets. J.W. lost consciousness and received emergency surgery.

The jury found defendant guilty of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1) -- count one)[1] and found true a great bodily injury enhancement allegation (§ 12022.7, subd. (a)). In a bifurcated proceeding, defendant admitted a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike conviction (§§ 667, subd. (b)-(l), 1170.12).

At sentencing, the trial court considered defendant's request to dismiss the prior strike conviction. Defendant noted that his prior strike conviction was in 2000, that he had bettered himself in prison through the carpentry and masonry program, and that he had joined a heating, ventilation and air conditioning union following his release from

_____

[1] Undesignated statutory references are to the Penal Code.

2

prison. Defendant said he successfully completed parole and had not been in trouble for many years until the current offense.

The trial court concluded defendant's conduct fell within the spirit of the three strikes law. Defendant's prior strike conviction involved the infliction of great bodily injury with a hammer. Although the trial court acknowledged defendant's efforts while in prison and afterward, it also noted that in this case, defendant approached J.W. from behind, seriously injured him with a knife, and J.W. would have died had it not been for immediate assistance from others. Accordingly, the trial court declined to dismiss the prior strike conviction allegation.

The trial court sentenced defendant to an aggregate prison term of nine years, consisting of the middle term of three years for the assault, doubled to six years for the prior strike conviction, plus three years for the great bodily injury enhancement.

DISCUSSION

Defendant contends the trial court abused its discretion in denying his request to dismiss the prior strike conviction. He argues the trial court failed to consider relevant sentencing factors.

In deciding whether to dismiss a prior strike conviction allegation, a trial court determines whether the defendant falls outside the spirit of the three strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) In making this determination the trial court considers (1) the nature and circumstances of the present felony, (2) the nature and circumstances of the prior strike offense, and (3) the particulars of the defendant's background, character, and prospects for the future. (*Id.* at p. 161.)

We review a decision declining to dismiss a prior strike conviction allegation for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. (*Id.* at pp. 376-377.) Absent such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary

3

determination will not be set aside.  (*Ibid.*)  Moreover, a decision will not be reversed merely because reasonable people might disagree.  (*Ibid.*)  An appellate court may not substitute its judgment for that of the trial court.  (*Ibid.*)

Here, the trial court considered defendant's request and argument, acknowledged his efforts while in prison and afterward, noted his criminal history, and described the seriousness of the current offense.  It exercised its discretion, declined to dismiss the prior strike allegation, and we discern no abuse of discretion.  Defendant has not shown that the decision was irrational or arbitrary.

### DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, Acting P. J.

We concur:

_____/S/_____
KRAUSE, J.

_____/S/_____
EARL, J.